# UNITED STATES COURT OF INTERNATIONAL TRADE

BIBI FOODS, LLC,

Plaintiff,

v.

UNITED STATES; COMMISSIONER, U.S. CUSTOMS AND BORDER PROTECTION, in official capacity; and AREA PORT DIRECTOR, PORT OF HOUSTON, U.S. CUSTOMS AND BORDER PROTECTION, in official capacity,

Defendants.

Court No. 26-5129

## Complaint

Plaintiff, BiBi Foods, LLC ("BiBi"), by its attorney, alleges as follows.

### Nature of the action

1. This is a protective action. BiBi's claims against United States Customs and Border Protection ("CBP") for its detention of BiBi's commercial bakery equipment at the Port of Houston under 19 U.S.C. § 1499(c) are the subject of a verified complaint BiBi filed on October 22, 2026 in the United States District Court for the Southern District of Texas, Houston Division, *BiBi Foods, LLC v. United States*, No. 4:26-cv-

09358 (S.D. Tex.) (the "District Action"), as a case related to the pending forfeiture action against the same equipment, *United States v. Various Baking Equipment of Iranian Origin*, No. 4:25-cv-02725 (S.D. Tex.) (the "Forfeiture Action"). A copy of the verified complaint in the District Action, as filed, is attached as Exhibit 2. BiBi's position is that the district court has jurisdiction over those claims, because the equipment was seized and is now the res in a forfeiture action, and because BiBi contests the seizure and the process that led to it. (Paragraph 13.)

2. BiBi commences this action so that, if any of its claims is held to lie within this Court's exclusive jurisdiction under 28 U.S.C. § 1581(i), the claim is commenced within the two years that 28 U.S.C. § 2636(i) allows, measured from the earliest date on which any cause of action could have accrued. BiBi is moving, with this complaint, to stay this action pending the district court's determination of its own jurisdiction, and it reserves the right to move for transfer under 28 U.S.C. § 1631 in either direction.

3. On the merits, BiBi asks the Court to declare that CBP held the equipment beyond the thirty days that 19 U.S.C. § 1499(c) allows,

under a detention for which CBP invoked no authority other than § 1499(c) and which no statute, regulation or agreement authorized to continue beyond thirty days; that CBP's two asserted "extensions" of the detention were without authority; that CBP never gave BiBi the notice § 1499(c)(2) requires, never communicated a final determination of admissibility, and never told BiBi that the law treated CBP's silence as a decision to exclude the equipment that BiBi could protest; and that CBP's conduct violated the Due Process Clause of the Fifth Amendment. BiBi asks for the relief 19 U.S.C. § 1499(c)(5)(C) and 28 U.S.C. § 2643(c)(1) provide.

4. This action does not ask the Court to decide where the equipment was made, or to review any determination made under the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560. Those questions are being litigated in the Forfeiture Action. This action concerns what CBP did, and failed to do, while it held BiBi's property under 19 U.S.C. § 1499(c).

**Parties**

5. Plaintiff, BiBi, is a Colorado limited liability company with its principal place of business in Lakewood, Jefferson County, Colorado. BiBi is the owner and importer of the equipment described in paragraph 17 (the "Subject Equipment"), the sole claimant to it in the Forfeiture Action, and the plaintiff in the District Action.

6. Defendant United States is sued under 28 U.S.C. §§ 1581(i) and 2631(i). The agency whose action is contested is U.S. Customs and Border Protection, an agency of the U.S. Department of Homeland Security, acting through its Houston Seaport, Area Port of Houston, Texas.

7. Defendants the Commissioner of U.S. Customs and Border Protection and the Area Port Director, Port of Houston, U.S. Customs and Border Protection, are sued in their official capacities only. They are the officials who direct CBP and the port that holds the Subject Equipment, and they are named so that any injunctive relief the Court grants under prayer C can be directed to and served on the officials

sought to be enjoined, as 28 U.S.C. § 2633(c) provides. No relief is sought against either of them personally.

**Jurisdiction, standing and timeliness**

8. BiBi invokes this Court's jurisdiction under 28 U.S.C. § 1581(i)(1)(D), which gives the Court exclusive jurisdiction of "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for ... administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section." CBP's administration of a detention under 19 U.S.C. § 1499(c), and its failure to give the notice that section requires of a decision to exclude that is protestable under 19 U.S.C. § 1514(a)(4) and reviewable under 28 U.S.C. § 1581(a), is administration and enforcement with respect to a matter referred to in subsection (a).

9. BiBi has standing under 28 U.S.C. § 2631(i), which provides that an action within this Court's jurisdiction, other than one specified in subsections (a)–(h), "may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of

section 702 of title 5." BiBi is the importer and owner of the Subject Equipment, which CBP has held since September 2024.

10. This action is timely under 28 U.S.C. § 2636(i), which provides that an action within the Court's jurisdiction under § 1581, other than an action specified in subsections (a)–(h) of § 2636, "is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues." CBP issued its notice of detention on September 27, 2024. No cause of action challenging the continuation of the detention beyond thirty days, or CBP's failure to decide or to give notice of the deemed exclusion, could have accrued before the thirty-day period ended, which was no later than October 27, 2024. This action is commenced within two years of that date. In the alternative, BiBi's causes of action did not accrue until BiBi had, or could have had, notice of the agency action it challenges: no earlier than January 20, 2025, when CBP first gave a reason for the continued detention, or March 10, 2025, when BiBi received CBP's Notice of Seizure.

11. BiBi did not protest the deemed exclusion of the Subject Equipment under 19 U.S.C. § 1514, because CBP never told BiBi that one had occurred, never told BiBi that the thirty-day period under § 1499(c) had run, and never told BiBi that CBP's failure to decide was treated by law as a decision to exclude that could be protested (paragraphs 27 to 29 and 38). The period for a protest under 19 U.S.C. § 1514(c)(3)(B), 180 days from the date of the decision, ran out before BiBi knew that it had begun. No administrative remedy remained available to BiBi when it learned of the agency action it challenges, so exhaustion under 28 U.S.C. § 2637(d) is not appropriate here. An action under § 1581(a) is not available to BiBi, through no fault of its own, and this action is therefore not one that could have been brought under § 1581(a).

12. The Court reviews the agency action challenged here "as provided in section 706 of title 5." 28 U.S.C. § 2640(e). The Court may "order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. §

2643(c)(1). Once an action respecting a detention is commenced, "unless the Customs Service establishes by a preponderance of the evidence that an admissibility decision has not been reached for good cause, the court shall grant the appropriate relief which may include, but is not limited to, an order to cancel the detention and release the merchandise." 19 U.S.C. § 1499(c)(5)(C).

**BiBi's position on jurisdiction**

13. BiBi states its position on jurisdiction for the record. The Subject Equipment was seized on February 27, 2025, by CBP's account, before any action was commenced in this Court; CBP served a Notice of Seizure and demanded an election of proceedings; BiBi filed a claim and asked for judicial referral; and the United States then brought the Forfeiture Action in the district court, where the Subject Equipment is the res under 28 U.S.C. §§ 1355 and 1356. BiBi contends that its claims arising from the detention that preceded that seizure, which contest the seizure and the forfeiture process, lie in the district court, and it has pleaded them there. BiBi pleads them here only so that no claim is lost

to § 2636(i) while the question of forum is decided, and it asks this Court to stay this action pending the district court's ruling.

**Related proceedings**

14. *United States v. Various Baking Equipment of Iranian Origin*, No. 4:25-cv-02725 (S.D. Tex.), filed June 11, 2025, before Senior District Judge Andrew S. Hanen, is pending. BiBi is the sole claimant. The Subject Equipment has been arrested in rem under a warrant issued March 17, 2026 and executed March 18, 2026. (Forfeiture Action, Doc. Nos. 15, 16.) BiBi's verified answer was filed July 7, 2026 (Doc. No. 19); on October 19, 2026 the court ruled on the Government's motion to strike certain of BiBi's affirmative defenses (Doc. No. 28). Discovery is open; the parties served their first written discovery requests on October 20 and 21, 2026. No scheduling order has been entered.

15. *BiBi Foods, LLC v. United States*, No. 4:26-cv-09358 (S.D. Tex.), the District Action, was filed October 22, 2026 with a notice of related case under the court's local rules, and seeks declaratory and injunctive relief on the same detention and the same acts and omissions pleaded here, through non-statutory review under 28 U.S.C. § 1331 and

5 U.S.C. § 702, under the Administrative Procedure Act, 5 U.S.C. §§ 702, 704 and 706(2), and under the Fifth Amendment, together with a claim of unreasonable delay in the institution of forfeiture proceedings. (Exhibit 2.) As of the date of this complaint no judge has been assigned.

**Facts**

16. The facts are as alleged in the verified complaint in *BiBi Foods, LLC v. United States*, No. 4:26-cv-09358 (S.D. Tex.), attached as Exhibit 2, which BiBi incorporates by reference, and are summarized in this paragraph and in paragraphs 17 to 39. On June 19, 2024, in Dubai, United Arab Emirates, BiBi bought commercial bread ovens, dough-handling machinery, packaging machinery and spare parts, as a single bundle, from Easy Shop General Trading LLC, a Dubai trading company, under Commercial Invoice No. PRB-0132/24 for $348,235.00.

17. On June 22, 2024, the goods were loaded, already crated or shrink-wrapped and palletized, into two shipping containers, Nos. NIDU5211178 and FDCU0172524, at Jebel Ali. The "Subject Equipment" means all of the equipment loaded into those containers except the items CBP later released to BiBi (paragraph 22).

18. On June 24, 2024, the Dubai Chamber of Commerce and Industry issued its certified Certificate of Origin No. 23709276 for the goods, stating in box 8 that the country of origin is "Sultanate of Oman," with the commercial invoice and packing list attached. BiBi's customs broker, Gallagher Transport International, Inc. ("Gallagher"), filed BiBi's Importer Security Filing on June 26, 2024, giving Oman as the country of origin.

19. The containers were at the Barbours Cut Container Terminal in Houston by September 23, 2024, and were staged for a CBP examination; BiBi paid the examination fee for both containers the same day. By the Government's account in the Forfeiture Action, CBP set the containers aside for a physical examination on September 25, 2024 and examined the Subject Equipment on September 26, 2024. (Forfeiture Action, Doc. No. 1 ¶¶ 6-9.)

20. On September 27, 2024, CBP Officer Jamison G. Male issued Detention Notice and Custody Receipt No. 1727456004603 on CBP Form 6051D for Entry No. AC1-63431714 (the "Detention Notice"). A

copy, with personal contact information redacted, is attached as Exhibit 1.

21. The Detention Notice gave as the reason for the detention only "19 USC 1499(c)" and, in the remarks box, "Detained pending documentation requested," and it asked for "the original invoice from the manufacturer, a detailed packing list of all the items in the containers, and a country of origin certificate." To the question "Held for other agency?" it answered "No," and it named no other agency. It left blank the box headed "Tests or inquiries to be conducted." It did not state the anticipated length of the detention. It did not say that CBP suspected the Subject Equipment was of Iranian origin, and it did not mention sanctions, the Office of Foreign Assets Control, or the Iranian Transactions and Sanctions Regulations. The form itself states that "[s]hipments may be detained for up to 30 days, unless statutory authority or interagency agreement mandates that a longer period of time is required, or the importer/exporter/subject requests a longer detention period through the Port Director."

22. On October 1, 2024, Officer Male wrote to Gallagher that the shipment "has also been detained by CBP for enforcement reasons pending further inspection," gave no other reason, and listed items from each container that were not being detained. CBP later released those items to BiBi (the "Released Items").

23. BiBi answered CBP's request for documents within a week. On October 2, 2024, Abolghasem Esmaeili, BiBi's owner, sent CBP through Gallagher a letter explaining the contents of the containers and a detailed packing list; on October 3, 2024, Mahmoud Esmaili, BiBi's Business Development/Director of Marketing, answered CBP's questions about makes, models and serial numbers and offered to identify the disassembled pieces on site, which CBP refused; and on October 4, 2024, BiBi sent an updated packing list.

24. On September 30, 2024, CBP had also issued Emergency Action Notification No. 594145, ordering the wood packaging material in the containers returned to the country it came from. BiBi complied at once. CBP approved the export on CBP Form 3499 on October 16, 2024, and the material left Houston on October 24, 2024. BiBi paid the costs

of the return and, on October 17, 2024, paid CBP's contractor $19,053.00 for the examination of both containers.

25. On October 21, 2024, BiBi asked CBP in writing, through Gallagher, for an expedited decision. Officer Male replied on October 22, 2024 only that the request would go to a supervisor. CBP never answered it.

26. CBP never communicated to BiBi any final determination of the admissibility of the Subject Equipment within thirty days after it was presented for examination, and, on information and belief, CBP made none within that period. Under 19 U.S.C. § 1499(c)(5)(A), that period ended no later than October 27, 2024, and CBP's failure to decide "shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4)."

27. On October 25, 2024, Officer Male wrote to Gallagher: "I am notifying you that the detention on this entry has been extended for another 30 days. Detention number 1727456004603." An earlier message that day said the due date on the Form 6051D "has been updated to 11/26/2024" and attached the original Detention Notice. No

new Form 6051D and no continuation sheet on Form 6051A came with either message. Neither message cited any statute, regulation or agreement allowing the detention to be extended, gave a reason, said that the thirty-day period was about to run or what would follow when it did, or said what BiBi could do to end the detention. BiBi had not asked for an extension; four days earlier it had asked for an expedited decision.

28. On November 27, 2024, after Gallagher asked about the status of the detention, CBP Officer Ruben D. Acosta replied: "Yes it has been extended another 30 days." Again no new Form 6051D, no continuation sheet, no cited authority, no reason, and no statement of what BiBi could do to end the detention. The message did not tell BiBi that the thirty-day period had run a month earlier or that the law treated CBP's silence since then as a decision to exclude. The same day, BiBi sent CBP a second written request for an expedited decision. CBP never answered it. CBP gave BiBi no notice of any extension after November 27, 2024.

29. Neither 19 U.S.C. § 1499(c) nor 19 C.F.R. § 151.16 provides for an extension of the thirty-day period; the only longer period either allows is one "specifically authorized by law." 19 U.S.C. § 1499(c)(5)(A); 19 C.F.R. § 151.16(f). CBP invoked no authority other than § 1499(c) for the detention at any time, and no statute, regulation or agreement authorized the detention to continue beyond thirty days.

30. On January 19, 2025, BiBi wrote to CBP a third time, asking for a response by January 21, 2025. On January 20, 2025, 115 days after the Detention Notice, Officer Male replied that the Subject Equipment was considered to be of Iranian origin and subject to the Iranian Transactions and Sanctions Regulations. That email was the first reason CBP gave BiBi for the continued detention beyond the request for documents in the Detention Notice and the October 1, 2024 reference to "enforcement reasons." It did not say who had identified the goods as Iranian, when, or on what evidence; it said nothing about any further inspection; and it did not tell BiBi that the thirty-day period had run or that the law treated CBP's silence as a decision to exclude.

31. On January 26, 2025, BiBi rejected the stated determination in writing, pointed CBP to the Certificate of Origin, asked CBP to take no further action until it answered the questions in BiBi's letter, and asked CBP to confirm receipt. CBP did not confirm receipt and did not answer the questions.

32. With no answers coming from the CBP officers handling the detention, and with only the January 20, 2025 email in hand, BiBi turned to its members of Congress for help. Between February 2 and February 11, 2025, Mahmoud Esmaili asked for help from the offices of members of the Colorado delegation to the U.S. Congress: Representative Lauren Boebert, Representative Jason Crow, Senator Michael Bennet and Senator John Hickenlooper. To BiBi's knowledge, Representative Crow did not respond to BiBi's request for help or inquire of CBP on BiBi's behalf. Representative Boebert's office contacted CBP's Office of Congressional Affairs on February 4, 2025, and Senator Bennet's office did so on February 7, 2025. Senator Hickenlooper's office also took up the inquiry, on a date BiBi does not know.

33. On February 19, 2025, Senator Bennet's office told BiBi that a representative of CBP's Office of Congressional Affairs had said BiBi "should have received (or would soon receive) a letter regarding your property." BiBi had received no letter.

34. On March 4, 2025, Representative Boebert's office passed on CBP's answer: the shipment "has in fact been detained and scheduled for seizure in the near future. Official notifications have not been made; however, the lead office is currently routing approvals of the seizure and will send out formal notifications immediately thereafter to the constituent." On March 20, 2025, Senator Hickenlooper's office passed on the same answer, which CBP said it had sent in identical form to the offices of Senator Bennet and Representative Boebert, together with CBP's statement that "Mr. Esmaili should be made aware that submitting the same inquiry to multiple offices will not yield a more desirable and/or preferred response."

35. On February 21, 2025, after BiBi had written to the Port Director and the Acting Port Director of the Houston Seaport, Assistant Area Port Director Roger D. Baranski replied: "We have reviewed this

matter and have determined that the shipment remains detained pending seizure," and said a Notice of Seizure would follow.

36. CBP's Notice of Seizure, Case No. 2025530100021201, dated March 5, 2025 and received by BiBi on March 10, 2025, states that CBP seized the Subject Equipment at Houston on February 27, 2025, 153 days after the Detention Notice, that its appraised domestic value is $358,853.94, and that it is subject to forfeiture under 19 U.S.C. § 1595a(c)(2)(B), 50 U.S.C. § 1702, 31 C.F.R. § 560.201, 18 U.S.C. §§ 545, 981(a)(1)(A) and (C), 1956(c)(7)(D) and 542. BiBi knows of no act of seizure on February 27, 2025 apart from the Notice's statement that one occurred, and has denied it in the Forfeiture Action.

37. On April 8, 2025, BiBi timely filed a claim with CBP and asked that the matter be referred for judicial proceedings. On June 11, 2025, the United States filed its Verified Complaint for Forfeiture In Rem, 257 days after the Detention Notice. BiBi filed its verified claim on July 22, 2025 and its verified answer on July 7, 2026. (Forfeiture Action, Doc. Nos. 1, 4, 19.)

38. At no time after the Detention Notice did CBP tell BiBi that the thirty-day period under 19 U.S.C. § 1499(c) had run, that the law treated CBP's silence as a decision to exclude the Subject Equipment, that the decision could be protested under 19 U.S.C. § 1514, or when a protest would be due. BiBi could not protest a decision of which it had no notice. The 180 days for a protest ran out without BiBi knowing that they had begun.

39. CBP has held the Subject Equipment since September 25, 2024. BiBi has not been able to inspect it since. BiBi's first bakery, which the Subject Equipment was bought to equip, never opened, and BiBi remains obligated for the $300,000.00 unpaid balance of the purchase price of equipment it has never been able to use.

**Count I. Detention beyond the statutory period, and the asserted extensions, without authority (19 U.S.C. § 1499(c); 5 U.S.C. § 706(2)(A), (C))**

40. BiBi repeats paragraphs 1 through 39.

41. Section 1499(c) of Title 19 allows CBP to detain merchandise presented for examination for thirty days, or "such longer period if specifically authorized by law," after which CBP's failure to make a

final determination of admissibility is treated as a decision to exclude. 19 U.S.C. § 1499(c)(5)(A). CBP's regulation is to the same effect. 19 C.F.R. § 151.16(f).

42. CBP held the Subject Equipment beyond the thirty-day period, under a detention for which CBP invoked no authority other than 19 U.S.C. § 1499(c), and which no statute, regulation or agreement authorized to continue beyond thirty days, without communicating to BiBi any final determination of admissibility and, on information and belief, without making one. On October 25 and November 27, 2024, CBP asserted two "extensions" of the detention for which CBP invoked no authority other than § 1499(c), and which no statute, regulation or agreement authorized to continue beyond thirty days, that BiBi did not request, and that came with no new detention notice, no reason, and no statement of what BiBi could do to end the detention.

43. That conduct was "in excess of statutory jurisdiction, authority, or limitations," "not in accordance with law," and "arbitrary, capricious, [and] an abuse of discretion" within 5 U.S.C. § 706(2)(A) and (C), which governs this Court's review under 28 U.S.C. § 2640(e).

**Count II. Failure to give the notice the statute requires (19 U.S.C. § 1499(c)(2), (5); 5 U.S.C. § 706(2)(A), (D))**

44. BiBi repeats paragraphs 1 through 43.

45. CBP's notice of a detention must advise the importer of "the initiation of the detention," "the specific reason for the detention," "the anticipated length of the detention," "the nature of the tests or inquiries to be conducted," and "the nature of any information which, if supplied to the Customs Service, may accelerate the disposition of the detention." 19 U.S.C. § 1499(c)(2)(A)–(E).

46. The Detention Notice gave as its reason only the citation to the statute and a request for documents; it named no tests or inquiries; it stated no anticipated length; and it did not state the reason CBP later gave. The two "extensions" and the January 20, 2025 email cured none of those omissions. CBP never told BiBi that its failure to decide had become, by operation of law, a decision to exclude that BiBi could protest. CBP's own Seized Asset Management and Enforcement Procedures Handbook, HB 4400-01B, § 2.5.1 (July 2011), states that "[d]ue process of law requires that the government provide timely notice of detention" containing the § 1499(c)(2) elements, and that when CBP

decides to release, deny entry or seize, the importer "will be notified in writing of such action."

47. CBP's failure to give the notice § 1499(c)(2) requires, and its failure to notify BiBi of the deemed exclusion, was "without observance of procedure required by law" and "not in accordance with law" within 5 U.S.C. § 706(2)(A) and (D).

**Count III. Deprivation of property without due process of law (U.S. Const. amend. V)**

48. BiBi repeats paragraphs 1 through 47.

49. For 153 days, from September 27, 2024 to the seizure date CBP gave, and in the days that followed before CBP's Notice of Seizure of March 5, 2025 reached BiBi, CBP held BiBi's property without the notice the statute requires, without a decision, without telling BiBi the reason until January 20, 2025, and without telling BiBi that the law had already treated CBP's silence as a decision to exclude that BiBi could protest and take to this Court under 28 U.S.C. § 1581(a). BiBi answered every request within a week, asked for a decision three times in writing and once by telephone, and asked its members of Congress (paragraphs 32 to 34) and the port's directors (paragraph 35) for help.

The procedure Congress prescribed in § 1499(c) is the process that was due. CBP did not follow it, and its departure from that procedure deprived BiBi of the only prompt judicial remedy the customs laws provide for a detention.

50. CBP's conduct deprived BiBi of property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States, as applied to BiBi.

**Prayer for relief**

BiBi asks the Court to enter judgment for BiBi and against the Defendants, and:

A. To stay this action pending the determination by the United States District Court for the Southern District of Texas of its jurisdiction over BiBi's claims in *BiBi Foods, LLC v. United States*, No. 4:26-cv-09358, and thereafter to proceed as the interest of justice requires, including by transfer under 28 U.S.C. § 1631 of any claim that belongs in the district court, or by adjudication here of any claim that the district court holds to be within this Court's exclusive jurisdiction;

B. To declare that CBP, as to the Subject Equipment:

1. failed to give BiBi the notice of detention that 19 U.S.C. § 1499(c)(2) requires;

2. held the Subject Equipment beyond the period § 1499(c) permits, under a detention for which CBP invoked no authority other than 19 U.S.C. § 1499(c) and which no statute, regulation or agreement authorized to continue beyond thirty days, without communicating to BiBi any final determination of admissibility;

3. asserted extensions of the detention for which CBP invoked no authority other than 19 U.S.C. § 1499(c), and which no statute, regulation or agreement authorized to continue beyond thirty days;

4. failed to tell BiBi that, under 19 U.S.C. § 1499(c)(5)(A), its failure to decide had become a decision to exclude the Subject Equipment; and

5. deprived BiBi of the Subject Equipment without due process of law in violation of the Fifth Amendment;

C. Under 19 U.S.C. § 1499(c)(5)(C) and 28 U.S.C. § 2643(c)(1), to order the Commissioner of U.S. Customs and Border Protection and the

Area Port Director, Port of Houston, and those acting under their direction, to cancel the detention and release the Subject Equipment to BiBi, at such time and on such terms as the Court directs in coordination with the Forfeiture Action, in which the Subject Equipment is the res, and to order that no storage, examination or other charges for the period of the unlawful detention be assessed against BiBi or the Subject Equipment;

D. To award BiBi its costs and reasonable attorney's fees under 28 U.S.C. § 2412; and

E. To grant BiBi such other relief as is just.

Remainder of this page intentionally left blank.

Dated: October 26, 2026

Respectfully submitted,

/s/ Stanley Charles Thorne
Stanley Charles Thorne
Attorney for Plaintiff,
BiBi Foods, LLC
Thorne Law Firm
USCIT: Bar application submitted
9-30-2026, revised 10-26-2026
Southern District of Texas: 429212
Texas: 19973300
14405 W. Colfax Ave. #289
Lakewood, CO 80401
Tel.: 303 330 1455
Fax: none
E-mail: thorne@thornelawfirm.com

**Exhibits**

Exhibit 1. CBP Detention Notice and Custody Receipt No. 1727456004603, Form 6051D, September 27, 2024 (personal contact information redacted).

Exhibit 2. Verified Complaint, *BiBi Foods, LLC v. United States*, No. 4:26-cv-09358 (S.D. Tex.), Doc. No. 1 (62 pages), filed October 22, 2026, together with its Exhibit 1 (Doc. No. 1-1), as filed.